F I L E D
United States Court of Appeals
Tenth Circuit

MAY 16 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM D. SHIETZE,

      Plaintiff-Appellant,

v.

ITT FINANCIAL SERVICES, a
Delaware Corporation,

      Defendant-Appellee.

No. 96-6168
(D.C. No. CIV-95-763-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. William D. Shietze appeals the district court's refusal to allow him to call a rebuttal witness.

Mr. Shietze filed this action against ITT Federal Services Corporation (ITT) alleging he was terminated in violation of the public policies of Oklahoma for being a whistleblower. Specifically, Mr. Shietze asserted he was fired for his refusal to participate in violations of ITT's contract with the United States government and for reporting such violations to government officials.

Mr. Shietze's claims were tried to a jury March 18-22, 1996. After ITT's case-in-chief, Mr. Shietze attempted to call Mr. Donald Kent as a rebuttal witness to the testimony of Mr. Jim Fitch, Mr. Shietze's supervisor. Allegedly, Mr. Kent would have testified that on the day Mr. Shietze was fired, he had a conversation with Mr. Fitch wherein Mr. Fitch stated he was tired of Mr. Shietze complaining and going to the government and he had figured out a way to get rid of him.

The district court disallowed this testimony on the grounds it was not proper rebuttal testimony considering Mr. Fitch testified he could not recall a conversation with Mr. Kent on the date Mr. Shietze was fired and that it should have been presented in Mr. Shietze's case-in-chief.

On April 23, 1996, the jury returned a verdict in favor of ITT on all Mr. Shietze's claims. On May 15, 1996, Mr. Shietze filed his notice of appeal.

On appeal, Mr. Shietze challenges the district court's refusal to allow him to call Mr. Kent as a rebuttal witness to Mr. Fitch's testimony.[1]

"A district court possesses considerable discretion in governing the presentation of evidence ...." *Comcoa, Inc. v. NEC Telephones, Inc.*, 931 F.2d 655, 663 (10th Cir. 1991). Therefore, we review the district court's evidentiary rulings for an abuse of discretion. *Pandit v. American Honda Motor Co.*, 82 F.3d 376, 379 (10th Cir. 1996). More specifically, we will not disturb the district court's decision absent manifest injustice to the parties. *Id*. at 32. After a review of the record, we conclude there is no manifest injustice in this case.

Mr. Shietze's entire case rested on the theory ITT terminated him for his refusal to participate in ITT's violations of its contract with the United States government and his disclosure of these alleged violations to government officials.

---

[1] To the extent Mr. Shietze attempts to assert a denial of due process claim based on the district court's evidentiary ruling, his claim is without merit and will not be considered further.

During the defense case-in-chief, Mr. Fitch testified he did not recall a conversation regarding Mr. Shietze's termination on the date Mr. Shietze was fired and that he did not tell Mr. Kent that Mr. Shietze complained too often and was going to be gotten rid of. After this testimony, Mr. Shietze attempted to call Mr. Kent to rebut Mr. Fitch's testimony regarding the conversation on the day Mr. Shietze was terminated. Even assuming Mr. Kent's testimony was a proper rebuttal to Mr. Fitch's testimony that he could not recall a conversation, Mr. Kent was available during Mr. Shietze's case-in-chief and, given the nature of Mr. Kent's testimony, should have been called then. *See Pandit*, 82 F.3d at 383 (affirming district court's refusal to allow rebuttal evidence available in appellant's case-in-chief). Additionally, there is no indication in the record Mr. Fitch's testimony was unexpected.

Accordingly, we hold the district court did not abuse its discretion in refusing to allow Mr. Shietze to call Mr. Kent as a rebuttal witness.

**AFFIRMED**.

Entered for the Court

**WADE BRORBY**
United States Circuit Judge

-4-